UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| A.J. BORKOWSKI, JR., | ) | CASE NO. 3:05 CV 7090 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| FREMONT INVESTMENT | ) | |
| AND LOAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 7, 2005, plaintiff pro se A.J. Borkowski, Jr. filed the above-captioned diversity action against Fremont Investment and Loan of Anaheim, California ("Fremont") and U.S. Bank National Association of Hatboro, Pennsylvania ("U.S. Bank"). In the complaint, plaintiff alleges that the defendants fraudulently claim to have a first mortgage on a property located at 13613 State Route 66, Fayette, Ohio 43521. He seeks title to the property in question, and compensatory and punitive damages. Mr. Borkowski has also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

In 1993, Bertha Stewart executed a Last Will and Testament which left most of her estate,

including a parcel of real property in Fayette, Ohio, to her grandson, A.J. Borkowski, Jr. She also signed a Power of Attorney naming her grandson as her Attorney-in-Fact. He used the Power of Attorney in 1998 to subdivide the real property and sell one of the lots to William and Brenda Humbert. He sold the remainder of the subdivided property to Loyal Ebersol in 1999. The Power of Attorney, however, did not give Mr. Borkowski authority to sell or convey real estate. Bertha Stewart died on November 15, 1999.

Mr. Ebersol, in turn, sold a portion of his lot located at 13613 State Route 66, Fayette, Ohio 43521, to Mr. Borkowski's daughter, Jennifer M. Borkowski in September 2000. Jennifer Borkowski obtained a mortgage loan through Fremont to finance the purchase. Fremont sold the mortgage to U.S. Bank effective April 1, 2002.

Sometime after purchasing the properties from Mr. Borkowski, William and Brenda Humbert and Loyal Ebersol discovered that Mr. Borkowski lacked the legal authority to conduct the sales or transfer the titles. They filed an action to quiet title against A.J. Borkowski, Jennifer Borkowski, Fremont and others in the Fulton County Court of Common Pleas on December 5, 2001. Mr. Borkowski objected to their efforts to quiet title, and argued that because he lacked legal authority to convey the properties, the sales were void and the properties passed to him under Ms. Stewart's Last Will and Testament. On March 15, 2004, the Fulton County Court of Common Pleas found that Mr. Borkowski was not entitled to possession of the real estate and quieted titled to the respective lots in favor of the Humberts, Mr. Ebersol, and Jennifer Borkowski.

During the litigation of the quiet title action, Jennifer Borkowski defaulted on the mortgage loan to the 13613 State Route 66, Fayette, Ohio property. U.S. Bank filed a foreclosure action against

Ms. Borkowski in the Fulton County Court of Common Pleas on December 23, 2003. An assignment of the mortgage from Fremont to U.S. Bank was filed with the Fulton County Recorder on January 6, 2004. Although Mr. Borkowski is not listed as a defendant on the docket sheet of the foreclosure action, he filed an Answer to the Complaint and submitted several Motions. It appears that the foreclosure action is still pending.

Mr. Borkowski has now filed this diversity action claiming that Fremont and U.S. Bank have committed "fraud, negligence, slander, bad faith, due process violations, Fourteenth Amendment violations and egregious conduct." (Compl. at 1.) He states that U.S. Bank fraudulently claimed in its December 23, 2003 foreclosure complaint that it is the holder of the first mortgage on the 13613 State Route 66, Fayette, Ohio property when the assignment of mortgage from Fremont to U.S. Bank was not filed with the County Recorder until January 6, 2004. He claims that because "there is no basis in fact or law for any of the above filings, [U.S. Bank's] complaint, pleadings/filings can be for no other purpose that (sic) is to harass or maliciously injure the plaintiff." (Compl. at 4.) He contends that his legal arguments have all been dismissed "as having no interest in the subject real estate;" however, he asserts that the Fulton County Court of Common Pleas came to the incorrect conclusion when they entered judgment against him in the quiet title action. (Compl. at 4-5.) Mr. Borkowski asks this court to order transfer of title to the 13613 State Route 66 property to him, and award him $ 1,010,802 in sanctions, $ 500,000.00 in compensatory damages, and $ 1,000,000.00 in punitive damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to

3

dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

In every federal case, the party bringing the suit must establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The doctrine of standing contains two parts: Article III standing, which enforces the Constitution's case or controversy requirement, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-562 (1992); and prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction," Allen v. Wright, 468 U.S. 737, 751(1984). The Article III limitations to standing require the plaintiff to show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress. See Lujan, 504 U.S. at 560-61. Prudential standing encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Elk Grove Unified School Dist. v. Newdow, 124 S.Ct. 2301, 2308 (2004)(quoting Allen, 468 U.S. at

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

751). The party invoking federal jurisdiction bears the burden of establishing standing. Id., at 2308; Lujan, 504 U.S. at 561.

Mr. Borkowski has not sufficiently demonstrated that he has standing to raise any of the asserted claims. The complaint rests entirely on allegations that U.S. Bank misrepresented in the foreclosure action that it had a first mortgage on the 13613 State Route 66, Fayette, Ohio property when the assignment of the mortgage from Fremont had not yet been filed with the Fulton County Recorder. The loan in question was secured by Jennifer Borkowski. There is no suggestion that Mr. Borkowski is a party to that agreement. Moreover, Mr. Borkowski does not have an interest in the property which is secured by the mortgage. Assuming that the allegations of fraud and misrepresentation against U.S. Bank are true, there is no reasonable indication that Mr. Borkowski sustained an injury in fact from this action. Any injury would have been sustained, if at all, by Jennifer Borkowski, the property owner and obligor on the note. A party must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. Warth, 422 U.S. at 499; Allstate Insurance Co. v. Wayne County, 760 F.2d 689, 693 (6th Cir. 1985). The fact that Mr. Borkowski may be collaterally affected by the adjudication of Jennifer Borkowski's rights does not necessarily extend the court's Article III powers to him. Allstate Insurance Co., 760 F.2d at 692.

Mr. Borkowski asserts that he does have an interest in the property, thereby inferring that he has standing to assert claims pertaining to the property. He claims the Fulton County Common Pleas Court wrongly decided the question of ownership in the quiet title action and asks this court to order the real estate transferred to him. This court, however, cannot grant this type of relief.

United States District Courts do not have jurisdiction over challenges to state court

decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates the his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); see also, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, there is no doubt that Mr. Borkowski is directly attacking the Fulton County Common Pleas Court's decision to quiet title to the 13613 State Route 66, Fayette, Ohio property to Jennifer Borkowski. All of the allegations in the complaint concern specific grievances that the law was incorrectly applied in the quiet title case, and are clearly predicated on his belief that the state court was mistaken in rendering its decisions against him. Moreover, he requests as relief that the state judgment be voided and title to the property transferred to him. Any review of the claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

Even if Mr. Borkowski did not intend to seek review of the state court's judgment but merely wished to relitigate the issue of property ownership, he could not proceed. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Allen v. McCurry, 449 U.S. 90, 94 (1980). An Ohio court has already determined that Mr. Borkowski's attempts to recover the parcels of land once belonging to his grandmother are without merit. This court is bound to give full faith and credit to the decision of that court.

Finally, if Mr. Borkowski could establish that he has standing to raise the claims asserted in this action, this court would be required to abstain from addressing this matter because the foreclosure action is still pending in the Fulton County Court of Common Pleas. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988) If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Id; see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a pending state foreclosure matter, which are of paramount state interest. Doscher v. Menifee Circuit Court, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding that Younger abstention was required in plaintiff's challenge to a state court foreclosure action). Mr. Borkowski's claim that the mortgage interest is invalid is a core issue in that state litigation. Consequently, if this action were not dismissed on other grounds, this court would nevertheless be required

8

to abstain from addressing the claims presented in this complaint.

## Conclusion

Accordingly, Mr. Borkowski's Application to Proceed <u>In Forma Pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/ DAVID A. KATZ   5/5/05

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a) provides, in pertinent part:

> An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.