UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| A.J. BORKOWSKI, JR., | ) | CASE NO. 3:05 CV 7090 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| FREMONT INVESTMENT | ) | |
| AND LOAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff A.J. Borkowski filed a " Rule 59(e) Motion to Alter or Amend the Court Order

of May 5, 2005" [ECF # 16] on May 13, 2005.  For the following reasons, the Motion is **denied**.

Mr. Borkowski filed this action against Fremont Investment and Loan of Anaheim,

California ("Fremont") and U.S. Bank National Association of Hatboro, Pennsylvania ("U.S. Bank") on

March 7, 2005.  He alleged that the defendants fraudulently claimed to have a first mortgage on a property

located at 13613 State Route 66, Fayette, Ohio 43521 which is titled in the name of Jennifer Borkowski,

his daughter.  U.S. Bank filed a foreclosure action against Ms. Borkowski in the Fulton County Court of

Common Pleas on December 23, 2003, which was still pending at the time this action was filed.  Mr.

Borkowski sought title to the property in question, and compensatory and punitive damages.  The Court

issued its Memorandum of Opinion and Order on May 5, 2005 finding that Mr. Borkowski lacked

standing to challenge the validity of the mortgage, that the Rooker-Feldman doctrine prohibited this court

from reviewing a state court judgment which awarded title of the property to Jennifer Borkowski, that the

doctrine of res judicata barred him from relitigating the issue of ownership of the property, and the

Younger doctrine required the court to abstain from interfering with a pending state court foreclosure action.

Mr. Borkowski now has filed a Motion for Reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), stating that he should be permitted to proceed with the merits of the case. He continues to argue that title to his grandmother's real property should have passed to him under her Last Will and Testament because he lacked legal authority when he sold the property to third parties prior to her death. To bolster his argument, he attaches a copy of the Ohio Supreme Court's decision in the disciplinary proceedings against the attorney who advised and assisted him in forging his grandmother's name to the power of attorney used to conduct the sales. He persists in his claim that the sales were fraudulent and therefore void. In addition, he claims that on May 6, 2005, the Fulton County Court of Appeals reversed a decision of the Fulton County Court of Common Pleas stating that the Common Pleas Court lacked jurisdiction to decide the merits of an eviction action because the case had briefly been removed to federal court during the time in which the judgment was rendered.[1] Mr. Borkowski claims this court is bound to give full faith and credit to that decision and award title of the property to him. Finally, he claims that although he was granted pauper status, "28 U.S.C. § 1915 is inapplicable in this case because a complete diversity action exists in this matter." (Mot. at 4.)

---

[1]        The case centered on a real property rental agreement between Mr. Borkowski and his daughter. Mr. Borkowski stopped making rent payments and his daughter filed the action to evict him. Although the Court of Appeals reversed the judgment of eviction because it was entered while the federal court still had jurisdiction over the case, the court found that "appellee [Jennifer Borkowski] is the owner of a residence at 13613 State Route 66 in Fayette Ohio." The court specifically stated in a footnote that the eviction action was distinct from the "dispute regarding ownership of the property, brought in the Fulton County Court of Common Pleas, case no. 01CV-0274." Borkowski v. Borkowski, C.A. No. F-04-020, n. 1 (Ohio App. 6th Dist. May 6, 2005).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." Gencorp, Inc. v. Am. Int'l Underwriters Co., 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Consequently, motions to reconsider must rely on new information which was not readily available during the prior proceedings. A motion under Rule 59(e) is not an opportunity to re-argue a case, Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." Id.

Mr. Borkowski is not entitled to relief under Rule 59(e). He fails to demonstrate that there was a clear error of law, intervening change in controlling law, newly discovered evidence, or that relief is required to prevent manifest injustice. He merely asserts many of the same arguments that he raised in the original pleading. Although he includes an Ohio Court of Appeals decision pertaining to an eviction action, it is not relevant to the matters raised in the original pleading. Finally, he argues that his in forma pauperis action may not be dismissed sua sponte, under 28 U.S.C. § 1915(3) because it is based on diversity jurisdiction. This assertion is simply contrary to the prevailing law in the Sixth Circuit. See McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997).

Accordingly, plaintiff A.J. Borkowski's "Rule 59(e) Motion to Alter or Amend the Court

Order of May 5, 2005" [ECF # 16] is **denied**.

IT IS SO ORDERED.

s/ DAVID A. KATZ   5/23/05

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE